UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ILYA GOKADZE,

                Plaintiff,

   - against -

CHARLES J. HYNES, DISTRICT ATTORNEY
OF KINGS COUNTY, STATE OF NEW YORK,
et al.,

                Defendants.
-----------------------------------------------------------X

**ORDER DENYING STAY**
11-CV-6099 (RRM)(RLM)

ROSLYNN R. MAUSKOPF, United States District Judge.

## BACKGROUND

Plaintiff Ilya Gokadze, through counsel,[1] filed the instant action today against Charles J. Hynes as District Attorney of Kings County, and various John and Jane Does. While hardly a model of clarity, the complaint (Doc. No. 1) ostensibly alleges various violations pursuant to 42 U.S.C. § 1983, and, construed broadly, asserts in sum and substance the following facts.

Plaintiff, a native of the former USSR and citizen of Georgia, pled guilty to a misdemeanor controlled substance offense on February 6, 2006 in Kings County. This conviction allegedly formed the basis for a final order of removal from the United States, issued by the Bureau of Immigration Appeals on or about December 13, 2011. Plaintiff has been in immigration custody since July 14, 2010 and is facing imminent removal.[2] It appears that an appeal to the Fifth Circuit of the final order of removal is currently pending. (Compl. ¶ 7(g).)

---

[1] Plaintiff's attorney, Shlomo G. Dickerman, is not admitted to practice in the Eastern District of New York, nor has he applied to appear *pro hac vice*. *See* Clerk's Docket Entry dated 12/16/2011. A search of the online Attorney Registration database of the New York State Unified Court System reveals no attorney registration in New York for Shlomo Dickerman or any attorney named "Dickerman." *See* http://iapps.courts.state.ny.us/attorney/AttorneySearch (last visited 12/16/2011.) A call to Mr. Dickerman at the phone number listed for him on the complaint, ostensibly the law firm of Sirota & Associates, went unanswered with no ability to leave a message. In light of the nature of the relief sought as discussed more fully below, the Court will treat this action as if it were filed by plaintiff *pro se*.
[2] Nowhere in his complaint does plaintiff reference habeas relief, or seek release from such custody.

1

In "Count One" of this action, plaintiff seeks to vacate his underlying criminal conviction, alleging that he received ineffective assistance of counsel as a result of his attorney's failure to properly advise him of the immigration consequences of his misdemeanor plea, citing *Padilla v. Kentucky*, ___ U.S. ____, 130 S.Ct. 1473 (2010). In "Count Two," Plaintiff seeks a stay of his removal, deportation or any other proceedings by any governmental unit, agency or subdivision as to his deportation. He asserts that he "now takes emergency action by pleading of this second Count, to be followed by an Order To Show Cause, or other emergency relief procedure. Compl. ¶ 18. Again, plaintiff's complaint is not a model of clarity in that it asserts neither a properly pled substantive claim nor a proper request for temporary injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure. However, out of an abundance of caution, and in light of the possibility of plaintiff's imminent deportation, the Court will treat this "count" as a request to stay removal. For the reasons below, plaintiff's application is DENIED.

**DISCUSSION**

First, when viewed under the requisites of Rule 65, plaintiff's application for an emergency stay fails. Assuming, *arguendo*, that plaintiff has established irreparable harm, plaintiff has failed to demonstrate the likelihood of success on the merits of his claims. In this action, filed ostensibly as a civil rights action pursuant to § 1983, plaintiff somehow seeks to hold responsible the District Attorney of Kings County and other unnamed employees, agents or others acting in concert with the District Attorney for the alleged ineffective assistance of plaintiff's defense counsel. Moreover, in so doing, plaintiff fails to allege any facts showing personal involvement of the District Attorney or anyone affiliated with him in the deprivation of plaintiff's constitutional rights. It is hard to see how plaintiff will prevail in this action.

Second, the REAL ID Act of 2005, Pub. L. No. 109–13, Div. B, 119 Stat. 231, 310–11

("Real ID Act") (codified at 8 U.S.C. § 1252) divests federal district courts of jurisdiction to review challenges to removal orders, and requires that review of such orders be sought in the appropriate court of appeals. *See De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 617 (2d Cir. 2007); *Marquez-Almanzar v. INS*, 418 F.3d 210, 215 (2d Cir. 2005). The jurisdiction stripping provision of 8 U.S.C. § 1252 extends to "stay[s] of removal, as well." *Scott v. Napolitano*, 618 F. Supp. 2d 186, 191 (E.D.N.Y. 2009) (collecting cases). Under 28 U.S.C. § 1631, a court lacking jurisdiction may transfer an action "in the interest of justice . . . to any other such court in which the action . . . could have been brought at the time it was filed."

Here, the Court lacks jurisdiction to issue a stay of removal. By filing the instant action under the guise of an alleged constitutional tort, plaintiff attempts to create a second avenue for review of the BIA's final order of removal and thereby circumvent the clear mandate of the Real ID Act. And he does so without including as parties to the action the government agency and officials responsible for plaintiff's removal. As plaintiff himself alleges, there is currently pending in the Fifth Circuit an appeal of that final order, and plaintiff's claims relating to his immigration status must be raised in that forum.[3]

---

[3] In his complaint, plaintiff also alleges religious persecution as grounds for a stay of removal. Such claims fall outside the scope of the claims filed here against the District Attorney of Kings County, and are also squarely outside the jurisdiction of this Court pursuant to the Real ID Act.

## **CONCLUSION**

For the reasons stated in this Order, plaintiff's request for a stay of his removal, deportation or any other proceedings by any governmental unit, agency or subdivision as to his deportation is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
December 16, 2011

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge