```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
```
ILYA GOKADZE,

        Plaintiff,

   - against -

CHARLES J. HYNES, DISTRICT ATTORNEY
OF KINGS COUNTY, STATE OF NEW YORK;
ERIC H. HOLDER, JR., ATTORNEY GENERAL
OF THE UNITED STATES; THE HONORABLE
JONATHAN LIPPMAN, CHIEF JUDGE OF
THE STATE OF NEW YORK; JOHN DOES 1
THROUGH 10; JANE DOES 1 THROUGH 10

        Defendants.

**ORDER DENYING STAY**
11-CV-6099 (RRM)(RLM)

```
------------------------------------------------------------X
```
**ROSLYNN R. MAUSKOPF, United States District Judge.**

      Plaintiff Ilya Gokadze filed the instant action on December 16, 2011 against Charles Hynes, the District Attorney of Kings County, State of New York and various John and Jane Does alleging various violations pursuant to 42 U.S.C. § 1983. (*See* Compl. (Doc. No. 1).) He amended his complaint on January 31, 2012, adding two new defendants: Eric Holder, Jr., Attorney General of the United States, and the Honorable Jonathan Lippman, Chief Justice of the New York Court of Appeals. (*See* Amended Compl. (Doc. No. 5).) The gravamen of plaintiff's amended complaint is that defendants violated plaintiff's constitutional due process rights by permitting him to plead guilty, and in accepting that guilty plea, in light of his attorney's alleged ineffective assistance of counsel. He asks that the Court vacate his underlying conviction.

      Plaintiff, a native of the former USSR and citizen of Georgia, pled guilty to a misdemeanor controlled substance offense on February 6, 2006 in Kings County. (Amended Compl. ¶ 10(a).) This conviction allegedly formed the basis for a final order of removal from the United States, issued by the Bureau of Immigration Appeals on or about December 13, 2011.

(*Id.* ¶ 8.) Plaintiff has been in immigration custody since July 14, 2010 and is facing imminent removal. (*Id.* ¶ 10(c)). It appears that an appeal to the Fifth Circuit of the final order of removal is currently pending. (*Id.* ¶ 14.)

The Court treated "Count Two" of his initial complaint as a request for a stay of removal, which the Court denied on December 16, 2011. (*See* Order Denying Stay (Doc. No. 2).) On March 5, 2012, Gokadze again moved for a stay of removal, asserting that all of the reasons for denying the stay in the Court's December 16, 2011 order "have now been rectified." (Pl.'s Mot. for Stay (Doc. No. 5) ¶ 6.) For the reasons stated in this Court's December 16, 2011 Order, and as restated below, plaintiff's application is DENIED.

The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231, 310-11 ("Real ID Act") (codified at 8 U.S.C. § 1252) divests federal district courts of jurisdiction to review challenges to removal orders, and requires that review of such orders be sought in the appropriate court of appeals. *See De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 617 (2d Cir. 2007); *Marquez-Almanzar v. INS*, 418 F.3d 210, 215 (2d Cir. 2005). The jurisdiction stripping provision of 8 U.S.C. § 1252 extends to "stay[s] of removal, as well." *Scott v. Napolitano*, 618 F. Supp. 2d 186, 191 (E.D.N.Y. 2009) (collecting cases).

Here, the Court lacks jurisdiction to issue a stay of removal. This is a defect that cannot be rectified. By filing the instant action under the guise of an alleged constitutional tort, plaintiff attempts to create a second avenue for review of the BIA's final order of removal and thereby circumvent the clear mandate of the Real ID Act. As plaintiff himself alleges, there is currently pending in the Fifth Circuit an appeal of that final order, and plaintiff's claims relating to his

immigration status must be raised in that forum.[1]

For the reasons stated in this Order, plaintiff's request for a stay of his removal, deportation or any other proceedings by any governmental unit, agency or subdivision as to his deportation (Doc. No. 5) is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
December 10, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[1] In the Court's December 16, 2011 Order, it noted that Plaintiff had failed to "includ[e] as parties to the action the government agency and officials responsible for plaintiff's removal." (Order Denying Stay at 2.) Notwithstanding the amendment to his complaint in part to name Attorney General Holder as a defendant, the Court continues to lack jurisdiction to enter a stay of removal for the reasons discussed above.