UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ILYA GOKADZE,

        Plaintiff,

   - against -

CHARLES J. HYNES, DISTRICT ATTORNEY
OF KINGS COUNTY, STATE OF NEW YORK;
ERIC H. HOLDER, JR., ATTORNEY GENERAL
OF THE UNITED STATES; THE HONORABLE
JONATHAN LIPPMAN, CHIEF JUDGE OF
THE STATE OF NEW YORK; JOHN DOES 1
THROUGH 10; JANE DOES 1 THROUGH 10

        Defendants.
-------------------------------------------------------------X

**ORDER**
11-CV-6099 (RRM)(RLM)

**ROSLYNN R. MAUSKOPF, United States District Judge.**

Pursuant to this Court's Order issued on December 21, 2012 (Doc. No. 11), Plaintiff Ilya Gokadze was to show cause in writing why his action should not be dismissed for failure to prosecute and on the merits. The Order required him to respond by December 27, 2012. No response has been filed. For the reasons set forth in the Court's Order to Show Cause and in the defendants' pre-motion conference letters, and as explained again below, the Court hereby DISMISSES this action.

A district court has the inherent power to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir 20090 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Consistent with that inherent authority, a district court may, within its sound discretion, dismiss an action "[i]f the plaintiff fails to prosecute or to comply with the[ ] rules or a court order[.]" Fed. R. Civ. P. 41(b); *see Lewis*, 564 F.3d at 575 (noting the abuse of discretion standard). Because dismissal on such grounds is a "harsh remedy," a court considering such an action should examine

1

whether:

>   1)  the plaintiff's failure to prosecute cause a delay of significant duration;
>   2)  plaintiff was given notice that further delay would result in dismissal;
>   3)  defendant was likely to be prejudiced by further delay;
>   4)  the need to alleviate court calendar congestions was carefully balanced against plaintiff's right to an opportunity for a day in court; and
>   5)  the trial court adequately assessed the efficacy of lesser sanctions.

*Id*. (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive, and in weighing then, the court should consider the record of the entire case as a whole. *Id*. A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory tactics" or "an action lying dormant with no significant activity to move it.´ *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Here, considering the record of the entire case as a whole, the standard for dismissal is satisfied. This case has been pending for a year in what appears to have been a last-ditch effort to stave off plaintiff's impending removal from the United States by immigration authorities allegedly based on plaintiff's conviction by plea of guilty in 2006 to a controlled substance offense. Through this lawsuit, plaintiff attempts to collaterally attack his plea of guilty based on the ineffective assistance of the criminal defense attorney who counseled him on his plea of guilty, but does so by improperly suing the current chief judge of the New York Court of Appeals and the District Attorney of Kings County under 42 U.S.C. § 1983. As discussed more fully below, his lawsuit is not viable.

The procedural history of this case—including Gokadze's failure to prosecute—is set forth in greater detail in the Order to Show Cause. For purposes of this dismissal, the Court will highlight the main failures of Gokadze's counsel, Stephen "Shlomo" Dickerman, in prosecuting this case. On January 4, 2012, this Court ordered Mr. Dickerman to file a letter by January 12, 2012 "as to whether or not he intended to continue his representation of plaintiff." (Minute

Entry Order dated Jan. 4, 2012.) Mr. Dickerman did not comply with the Court's order, as he filed nothing in response by January 12, 2012, or even to date. Moreover, Mr. Dickerman did not file letters in response to the defendants' pre-motion conference letters as per the undersigned's Individual Practice Rule III.A.2. Mr. Dickerman did not appear at the pre-motion conference scheduled for December 12, 2012, and did not contact the Court to explain his absence after the Court attempted to reach him that day. Finally, Mr. Dickerman did not respond to the Court's Order to Show Cause by December 27, 2012.

Gokadze amended his original complaint to add another defendant, Eric H. Holder, Jr., the Attorney General of the United States, but did so only after defense counsel sought to dismiss this action, raising significant legal questions regarding the viability of this action. As to defendant Holder, Gokadze never presented the Clerk of the Court with a summons as to this defendant, as Fed. R. Civ. P. 4(b) requires. Nor has Gokadze filed proof of service as to this defendant, in accordance with Fed. R. Civ. P. 4(l). Nor does it appear Gokadze served this defendant within 120 days, as Fed. R. Civ. P. 4(m) requires. Gokadze's failure to prosecute his claim as to this defendant also warrant dismissal.

All of these failings have "caused a delay of significant duration" in a case that is not legally viable. *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008). Gokadze was also specifically given notice that "further delay would result in dismissal." *Id*. Yet, once again, plaintiff failed to comply with the Court's order, or communicate with the Court in any way. The Court does not believe that a sanction less than dismissal would prove effective in this case, as Gokadze's counsel has had numerous opportunities to prosecute this case. *See id*. For all of these reasons, dismissal for failure to prosecute is warranted.

Moreover, dismissal on the merits is warranted for the reasons set forth in the defendants'

pre-motion conference letters. The case must be dismissed against defendant Charles Hynes because the gravamen of Gokadze's § 1983 claim—that he was denied adequate representation of counsel in a separate criminal proceeding in state court—is barred by *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). *Heck* precludes Gokadze from bringing a § 1983 claim that, as here, would call into question the validity of his underlying conviction. Gokadze's claim is also time-barred, as he filed his suit more than three years after he pled guilty, when his claim accrued. *See Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994) (citing *Owens v. Okure*, 488 U.S. 235, 251 (1989)).

Additionally, there are several grounds warranting dismissal against defendant Lippman. First, the Amended Complaint fails to set forth any facts to suggest that Chief Judge Lippman was personally involved in the alleged acts which deprived plaintiff of any constitutional rights. *See Provost v. City of Newburgh*, 262 F.3d 146, 154 (2d Cir. 2001). This alone is a sufficient basis on which to dismiss all claims against Lippman. *Gill v. Mooney*, 824 F.2d 192, 196(2d Cir. 1987). Moreover, the *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The gravamen of Gokadze's claim against Lippman, is that the state court violated Gokadze's constitutional rights in accepting a guilty plea that was proffered due to ineffective assistance of counsel. This is precisely the kind of claim the *Rooker-Feldman* doctrine bars. The *Younger* abstention doctrine also necessitates dismissal because Gokadze's claim could have been presented in ongoing state proceedings, and his claim touches upon important state interests: the acceptance of guilty pleas in state court. *See Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir.

4

2003).  Finally, *Heck* also bars Gokadze's claim against Lippman, for it too calls into question the validity of Gokadze's underlying conviction.

## CONCLUSION

For the foregoing reasons, the case is hereby DISMISSED with prejudice.  The Clerk of the Court is directed to close this case.

                                        SO ORDERED.

Dated: Brooklyn, New York  
       December 28, 2012  

                                   *Roslynn R. Mauskopf*  
                                   _____  
                                   ROSLYNN R. MAUSKOPF  
                                   United States District Judge